**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Walter J. Slocum, ) | C/A No. 3:08-3714-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| John E. Potter, Postmaster General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action Plaintiff, a former employee of the United States Postal Service, seeks damages under 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act ("ADA"), and 29 U.S.C. § 701 *et seq.*, the Rehabilitation Act ("RA"). This matter is currently before the court on Defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On June 8, 2010, the Magistrate Judge issued a Report recommending that the court grant summary judgment to Defendant on Plaintiff's RA/ADA claims but deny summary judgment on Plaintiff's ADEA claim. On June 25, 2010, Plaintiff filed an objection to the Report. For the reasons stated herein, the court adopts the reasoning and recommendations of the Report in full and grants summary judgment to Defendant on the RA/ADA claim, but not the ADEA claim. The matter will proceed to trial as to the ADEA claim under the schedule set forth below.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

### I. ADEA

The Report recommends that the court deny Defendant's summary judgment motion as to Plaintiff's ADEA claim because there are genuine issues of material fact as to this claim, including whether Senior Post Office Operations Manager Stephen Niedziela told Plaintiff that he was "too old" to be transferred to South Carolina. Neither party objects to the Report's recommendation as to the ADEA claim. The court, having reviewed this aspect of the Report for clear error, finds none. Thus, the court adopts the reasoning and recommendation of the Report and denies summary judgment on the ADEA claim.

### II. Disparate Impact

Plaintiff's brief in opposition to Defendant's motion for summary judgment appears to assert a claim based on a disparate impact theory. *See* Dkt. No. 39 at 10 ("This mechanism has a disparate impact on the employee who has a longer career (i.e. the person over forty) . . . ."). Although

2

disparate impact claims may be properly raised under both the ADA and ADEA, Plaintiff did not assert such a claim either during the administrative process or in his complaint. Insofar as Plaintiff attempts to raise a disparate impact claim, the Magistrate Judge recommends that the court find it without merit because, *inter alia*, Plaintiff has proffered no evidence that the employment policy at issue has had a disparate impact upon older employees. *See* Report at 12-13. Neither party objects to this recommendation. The court has reviewed the Report's analysis of the disparate impact issue for clear error. Finding none, the court adopts the reasoning and recommendation of the Report and finds that Plaintiff has failed to present or support any disparate impact claim.

### III. RA/ADA

#### A. Disability

The Report concludes that Plaintiff has not established a *prima facie* case of disability discrimination because his impairments do not meet the definition of disability under the ADA or RA. Although Plaintiff has demonstrated that he has an impairment related to his military service in Vietnam that qualifies him as "disabled" as defined by the U.S. Department of Veterans Affairs ("VA"), Plaintiff has not proffered evidence that this impairment constitutes a "disability" under the disability anti-discrimination statutes. Plaintiff's objection brief does not discuss this determination, nor does it challenge the reasoning behind it. Having reviewed the Report's analysis of whether Plaintiff has an actual disability for clear error, the court finds none. Accordingly, the court adopts the reasoning and recommendation of the Report and concludes that Plaintiff is not disabled under the RA or ADA.

#### B. Regarded as Disabled

The Report recommends that the court grant summary judgment to Defendant as to

3

Plaintiff's RA/ADA claim that Defendant discriminated against him because he was *regarded* as disabled. Plaintiff objects to this recommendation, arguing that (1) the subjectivity of Defendant's standards for making transfer decisions raise issues of fact that should be determined at trial; and (2) Defendant's reliance upon Plaintiff's attendance and safety records indicate that Defendant regarded Plaintiff as disabled. This is the only aspect of the Report directly addressed by Plaintiff's objection. The court addresses each of Plaintiff's arguments in support of this objection below.

**Subjectivity.** It is well-established that the subjectivity of an employment decision, on its own, is not sufficient evidence that an employment practice is a pretext for disability-based discrimination. *See Turner v. Public Serv. Co.*, 563 F.3d 1136, 1145 (10th Cir. 2009) (rejecting employee's argument that a subjective interviewing process created an inference of pretext, and holding that, "[a]lthough the presence of subjective decision-making can create a strong inference of discrimination, the use of subjective considerations by employers is not unlawful *per se*.") (citation and internal quotation marks omitted); *cf. Brown v. Gaston County Dyeing Machine Co.*, 457 F.2d 1377, 1383 (4th Cir. 1972) ("The lack of fixed or reasonably objective standards and procedures for hiring *can be* a discriminatory practice.") (emphasis added). As explained below, Plaintiff has proffered no evidence that Defendant's examination of his attendance and safety records, and application of arguably subjective standards to those records, was a pretext for unlawful discrimination. Accordingly, the court finds Plaintiff's objection unpersuasive.

**Use of Attendance and Safety Records.** Plaintiff asserts that Defendants' claimed reliance on sick leave and safety records, despite positive reviews from his supervisor, was a pretext for unlawful discrimination based on perceived disability. In making this argument, Plaintiff essentially characterizes Defendant's reliance upon attendance and safety records as punishment for proper use

4

of sick leave. *See* Dkt. No 46 at 3-4. Plaintiff, however, misconstrues the reasoning of the Report.

As the Report explains, evidence from the administrative proceedings demonstrates that Defendant considered Plaintiff's sick leave records as indicative of a pattern of abuse of sick leave, and consequently concluded such a pattern would continue if Plaintiff transferred to South Carolina. Report at 11-12; *see also* Dkt. No. 35-1 at 16-17. In reaching this conclusion, Defendant considered that Plaintiff had an abnormally low ratio of available sick leave to possible sick leave, with less than five hundred hours remaining out of a possible sick leave accumulation of over three thousand hours. Report at 11; *see also* Dkt. No. 35-9 (indicating that Plaintiff failed to give a reason for over 2000 hours of his used sick leave as of August 2003). Defendant also noted the absence of any condition which would account for this rate of sick leave usage[1] and considered the pattern of sick leave use in conjunction with scheduled days off. Defendant concluded that Plaintiff had a "very poor commitment to attendance." Dkt. No. 35-1 at 4-5.

Regardless of whether Plaintiff's attendance record is a valid predictor of misuse of sick leave, Defendant has set forth a legitimate nondiscriminatory reason for its transfer denial: Its conclusion that Plaintiff's pattern of leave usage was indicative of misuse of sick leave. *See generally DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (stating that the federal court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination.") (citation omitted). Plaintiff has offered no evidence that this was not Defendant's true rationale as to sick leave. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 57 (4th Cir. 1995) (holding that the burden-

---

[1] This conclusion is supported by Plaintiff's Request for Reassignment questionnaire, which indicates that he had not "had any serious illness or injury that . . . required [him] to use a lot of sick leave." *Compare* Dkt. No. 35-3 *with* Dkt No. 46 at 4.

5

shifting paradigm that applies to Title VII cases also applies to ADA cases). Under these circumstances, Defendant's proffered legitimate reason defeats Plaintiff's RA/ADA claim. Accordingly, the court finds Plaintiff's objection to the Report's analysis of his RA/ADA claim unpersuasive and grants summary judgment to Defendant on this issue.

## TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. No later than **July 26, 2010**, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **August 27, 2010.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

3. No later than **September 10, 2010**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection (**September 30, 2010**).

5. Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[2] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the **October 2010** term of court, with jury selection set for **October 21, 2010.**

## CONCLUSION

For the reasons set forth above, the court adopts the reasoning and recommendation of the

---

[2] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

Report in full. Therefore, Defendant's motion for summary judgment as to Plaintiff's RA/ADA claim is **granted**, but summary judgment on the ADEA claim is **denied**.

    **IT IS SO ORDERED.**

                                  s/ Cameron McGowan Currie
                                  CAMERON MCGOWAN CURRIE
                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 12, 2010